**Robert Scott MARTIN,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16418.**

Missouri Court of Appeals,
Southern District,
Division One.

June 6, 1990.

J. Bryan Allee, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant was convicted of murder and sentenced to life imprisonment without the possibility of probation or parole for fifty years. The conviction and sentence were affirmed. *State v. Martin,* 651 S.W.2d 645 (Mo.App.1983).

Thereafter, movant filed a motion under Rule 27.26 seeking to set aside the conviction. Following an evidentiary hearing the trial court made findings of fact, conclusions of law, and entered judgment denying the motion. Movant appeals. Rule 27.26 was repealed effective January 1, 1988. However, this appeal continues to be governed by Rule 27.26 as sentence was pronounced and the motion filed before January 1, 1988. Rule 29.15(m).

In reviewing the trial court's decision this court is limited to determining whether

the findings, conclusions, and judgment of the trial court were clearly erroneous. Rule 27.26(j). These findings are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986).

Movant presents one point for our consideration. He contends that the trial court erred in denying his motion and in finding that he received effective assistance of counsel because his trial counsel in the criminal case failed to object to statements made by the prosecuting attorney during the closing argument. He contends that the prosecutor's statements were prejudicial and that they injected issues beyond the guilt or innocence of movant, and his counsel, by failing to timely object to the statements, did not preserve the error for correction by the trial court or for further review. Movant asserts that a reasonably competent attorney would have objected to the statements.

"To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome". *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App.1985).

Movant claims that the following portion of the prosecuting attorney's closing argument was improper:

And finally Ron Wood, knowing the ways of the criminal system, knowing that we did not have Murphy's name, we didn't know who the trigger man was, we had no idea where the jewelry was, where the gun was, who the money had been paid to, Ron Wood knew his testimony was valuable. And he talked to the police officers about getting off. He was the middle man but he wanted off.

Now, ladies and gentlemen, they called me to that room and I said, "Yes." And if—if you want to be upset about that deal with Ron Wood, tell your friends in Pulaski County to vote against me next time. But we needed his testimony desperately to solve this case. So he talked.

At the hearing on the motion Prosecuting Attorney David Gregory Warren testified that these comments were made in response to movant's attorney "castigating" him over the immunity arrangement he made with Wood. Movant's attorney extensively referred to the arrangement between Wood and the prosecuting attorney in movant's opening statement at the criminal trial and in cross-examination of Wood.

The trial judge found that movant's defense counsel "at all times displayed the customary skill and diligence that a reasonably competent attorney would have exercised under similar conditions in representing Movant and that Movant was not prejudiced in any manner by the representation of his defense counsel". The court further found that the prosecutor did not engage in any "misconduct in any way against Movant".

We cannot say that the trial court's finding and judgment leave us with a definite and firm impression that a mistake has been made. Even if the argument was improper, a question we do not decide, it was only a small part of an extended trial. The record reflects that movant's attorney was an experienced criminal attorney who vigorously defended movant in accordance with the finest traditions of the legal profession. Objecting to the portion of the argument complained of would have accomplished little, if anything.

Movant did not meet his burden of proof of showing that even had counsel made the objection that there was a reasonable probability that the outcome would have been different. The record of the trial and of the hearing on movant's motion strongly indicates otherwise.

The judgment is affirmed.

CROW, P.J., and PARRISH, J., concur.